IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONGRESS HEIGHTS COMMUNITY TRAINING & DEVELOPMENT CORP.<br>3215 Martin L. King, Jr. Ave. SE<br>Washington, DC 20032<br><br>    *Plaintiff*,<br><br>v.<br><br>GLEN A. STAPLES, GUARANTOR<br>13308 Big Cedar Lane<br>Bowie, MD 20720<br><br>and<br><br>RENAISSANCE PROPERTIES II, LLC<br>13308 Big Cedar Lane<br>Bowie, MD 20720<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR BREACH OF A LOAN AGREEMENT

Comes now, Plaintiff Congress Heights Community Training and Development Corp., (hereinafter "Plaintiff" or "CHCTDC") by and through undersigned counsel, and file this COMPLAINT for economic relief and damages due to breach of contract in the form of default on a promissory note due entered into by Renaissance Properties II, LLC (hereinafter "RPII") and Glen A. Staples as personal guarantor (hereinafter "Dr. Staples") (hereinafter collectively "Defendants"). The gravamen of the Plaintiff's dispute with Defendants is non-payment and breach of a promissory note executed on or about July 13, 2015.

## THE PARTIES

1. Plaintiff is a District of Columbia corporation.

2. Defendant Renaissance Properties II, LL.C. is a Limited Liability Corporation. Managing Member, Dr. Glen Staples, signed the promissory note as guarantor on the loan. Both are residents of the state of Maryland.

## JURISDICTION AND VENUE

Jurisdiction is established pursuant to 28 U.S.C. Section 1332. The matter involves a breach of a loan agreement and breach of the covenant of good faith and fair dealing and is for more than $75,000.00. The parties are residents of two (2) distinct jurisdictions, Maryland and the District of Columbia. Venue is appropriate because significant actions and transgressions outlined in this complaint occurred in the District of Columbia.

## RELEVANT FACTS

1. On or about July 13, 2015, Plaintiff and Defendants entered into a binding promissory note and agreement for repayment of the loan. *See* EXHIBIT 1.

2. Defendants were required to make scheduled payments in accordance with the loan's amortization schedule in the amount of $9,009.26 per month, starting in July, 2015. *See* EXHIBIT 2 (Amortization Schedule).

3. Defendants' earlier payments through September 2015 amounted to $7,000.00 rather than the required $9,009.26. *See* EXHIBIT 3 (Schedule of Payments Made).

4. Plaintiff's initial notice of default to Defendant in September, 2015 was nullified.

5. For the following three (3) years, Defendants attempted to make payments on the loan, which were often irregular and incomplete. *See* EXHIBIT 4. Defendants' made twelve (12) payments of various amounts in 2017, and four (4) payments of $6,000.00 in 2018; the last payment was made on April 30, 2018. *See* EXHIBIT 4.

6. Defendants repaid $104,000.00 of the loan. An unpaid principal of approximately minimally $396,000.00, plus unpaid interest, remains.

## COUNT I
(Breach of Contract)

7. Plaintiff incorporates by reference the factual assertions in paragraphs 1-6 above as if fully restated herein.

8. A valid and enforceable contract existed between the parties for the provision of a loan subject to a defined repayment schedule.

9. Plaintiff fully performed its obligations in accordance with the terms of the Loan Agreement and Promissory Note by tendering the agreed upon loan amount to Defendants.

10. Defendants refused to make any further payments constitute a breach of the Loan Agreement Promissory Note.

11. Plaintiff seeks judgment in its favor of the past-due amount of $396,000.00 plus accumulated interest, costs, attorney's fees, and any other remedy the Court deems just and proper.

## COUNT II
(Breach of the Covenant of Good Faith and Fair Dealing)

12. Plaintiff reasserts the factual allegations in paragraphs 1-11 above, as if fully restated herein.

13. The immediate loan agreement contained an implicit promise that the parties would not take actions that undermined the purpose of the contract.

14.     Defendants' non-payment after April 30, 2018 were without justification and constitute a material breach of the expectation that the parties execute the loan agreement in good faith.

### COUNT III
(Fraud in the Inducement)

15.     Plaintiff reasserts the factual allegation in paragraphs 1-14.

16.     At all times referenced here Defendants lead Plaintiff to believe that subject to a written agreement that they would repay the immediate loan.  At all times referenced herein, Glen A Staples represented to Plaintiff that said funds were required for property development purposes – and that said funds would be repaid in a timely manner.  Beginning in May, 2019, Defendants, decided not to repay Plaintiff said funds thereby exercising dominion and control.  As a result, Defendants converted said funds belonging to Plaintiff for Defendant own personal use – without intention of repayment.

17.     Such actions were intentionally, willfully, and malicious.

### Count IV
(Fraudulent Misrepresentation)

18.     Plaintiff reasserts the factual allegation in paragraphs 1-17.

19.     At all times referenced here, Defendants intentionally used false statements to convince Plaintiff to believe that subject to written agreement Defendants would repay the immediate loan which Defendants received from Plaintiff.  At all times referenced herein, Glen A. Staples knowingly misrepresented to Plaintiff that said funds were required for property development purposes – and that said funds would be repaid on a timely manner.  They were not, and Defendants knew as of April 20, 2018 that it had no attention to pay and/or repay Plaintiff monies due.  Accordingly, Plaintiff paid Defendant's money based on Defendants' misrepresentation.  As a result, Plaintiff suffered pecuniary damages as a result of Defendants' misrepresentation.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court award the following relief:

A. Contract related dames in excess of $400,000.00, including interest;

B. Compensatory damages in excess of $500,000.00;

C. Punitive damages in excess of $100,000.00;

D. Award attorneys' fees and costs incurred in the instant action; and

E. Grant any such relief as this court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all of the above claims.

Respectfully submitted,

/s/ Donald Temple

Donald Temple
Temple Law Offices
1310 L St., NW
Suite 750
Washington, DC 20005
202-628-1101 (o)
202-628-1149 (f)
dtemplelaw@gmail.com
*Counsel for Plaintiff*